IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samoeuth Sy,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina S. Kane,<br><br>    Respondent. | No. CV-11-440-PHX-JAT (LOA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending removal to Cambodia. (Doc. 1) Respondent has filed a Response, doc. 7, to which Petitioner has not replied and the time to do so has passed. Additionally, Respondent has filed a Notice and Suggestion of Mootness, doc. 9, advising the Court that Petitioner was removed from the United States on June 14, 2011. Accordingly, this matter is ripe for review. As discussed below, the Court recommends that the Petition be denied.

**I. Background**

Petitioner is a citizen of Cambodia who was born in a refugee camp in Thailand. (Respondents' Exh. 1) On February 8, 1990, he was admitted into the United States as refugee pursuant to section 207 of the Immigration and Nationality Act ("INA"). (Respondents' Exh. 2) Although Petitioner attempted to adjust his status to permanent resident in 2003, his application was denied for failure to appear for fingerprinting as required by 8 C.F.R. § 103.2. (Respondents' Exh. 5)

On April 28, 2008, Petitioner was convicted in the Superior Court, State of California, County of San Joaquin, of First Degree Residential Burglary, in violation of California Penal Code section 459. Petitioner was sentenced to four years' imprisonment. (Respondents' Exh. 6)

On March 4, 2010, the Department of Homeland Security ("DHS" or "the government") served Petitioner with Form I-200, "Warrant for Arrest of Alien," and Form I-286, "Notice of Custody Determination." (Respondents' Exhs. 7, 8) That same day, the government commenced removal proceedings by issuing a Notice to Appear ("NTA"), charging Petitioner with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who at any time after admission had been convicted of an aggravated felony as defined in INA § 101(a)(43)(F), a crime of violence. (Respondents' Exh. 9)

On April 6, 2010, the INA served Petitioner with Form I-261, "Additional Charges of Inadmissibility/Deportability," charging Petitioner with 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), an alien present without being admitted or paroled, and INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), an alien convicted of a crime involving moral turpitude. (Respondents' Exh. 10)

On April 12, 2010, Petitioner appeared before an immigration judge ("IJ") and admitted the allegations. The court sustained the charge under § 212(a)(2)(A)(i), relating to a crime involving moral turpitude, but reset the hearing to May 5, 2010, to allow the government to prove INA § 212(a)(6)(A)(i), alien present without being admitted or paroled. (*Id.*) On May 5, 2010, the IJ sustained the remaining charges, designated Thailand as Petitioner's country of removal, or alternatively, Cambodia, and provided Petitioner with a Form I-485, "Application to Register Permanent Residence or Adjust Status." (Respondents' Exh. 11) On May 25, 2010, Petitioner filed his I-485 application with the immigration court. (*Id.*)

On July 26, 2010, Petitioner appeared before the IJ. (Respondents' Exh. 12) The IJ

ordered Petitioner removed to Thailand, or in the alternative, Cambodia. Both the government and Petitioner waived the right to appeal. (*Id*.)

On August 11, 2010, Petitioner completed a Visa Application for the Kingdom of Cambodia. (Respondents' Exh. 13) On August 18, 2010, the government served Petitioner with a Notice to Alien of File Custody Review, and Instruction Sheet to Detainee Regarding Requirement to Assist in Removal. (Respondents' Exhs. 14)

On September 7, 2010, the government requested travel documents from Cambodia on Petitioner's behalf. (Respondents' Exh. 16) On September 8, 2010, the government transferred Petitioner to Seattle, Washington for an interview with the Cambodian Consulate. (Respondents' Exh. 15)

On October 22, 2010, the government issued a Decision to Continue Detention. The government determined that it could not release Petitioner because it could not conclude that he would not be a danger to the community, a flight risk, or that he would comply with an Order of Supervision if released. (Respondents' Exh. 17)

On December 20, 2010, Headquarters Travel Document Unit ("HQTDU") determined that Petitioner is on the Cambodian approved list and that travel documents would be forthcoming. HQTDU also indicated that Cambodia issues only twenty-five travel documents at a time. (Respondents' Exh. 15) On January 14, 2011, HQTDU reaffirmed that Petitioner is on the Cambodian approved list and that travel documents will be forthcoming. (*Id*.)

On January 28, 2011, the government served Petitioner with a Decision to Continue Detention. The government explained that it would not release Petitioner because a travel document had been submitted on his behalf, and there "is no reason to believe . . . that [his] removal will not take place within the reasonably foreseeable future." (Respondents' Exh. 18; Exh. 15) On April 22, 2011, Cambodia issued a travel document for Petitioner. (Respondents' Exh. 19) On June 14, 2011, Petitioner was removed from the United States. (Doc. 9-1)

## II. Analysis

Petitioner alleges that his detention in immigration custody should not continue beyond six months because his removal to Cambodia or Thailand is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondent initially opposed that assertion on the ground that Petitioner's detention is not indefinite because he has not shown good reason to believe that his removal will not be effected in the reasonably foreseeable future. Recently, Respondent filed a Notice and Suggestion of Mootness. Respondent advises the Court that Petitioner was removed from the United States on June 14, 2011. (Doc. 9-1, Warrant of Removal/Deportation)

Because Plaintiff only seeks release from custody pending his removal, and he has been released and removed, his Petition is moot. Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395 (1980); *see also PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). An actual case or controversy must exist at all stages of judicial review. *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed where movant, who challenged his bond determination, had been deported because the relief he requested — reduction of his bond — could no longer be effected.) This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Geraghty*, 445 U.S. at 395. This Court lacks jurisdiction to review moot issues. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies."). A moot action is not subject to a judicial resolution. An action is moot when the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989) (citation omitted).

- 4 -

Here, Petitioner challenges his detention by DHS and seeks release from custody pending removal. In view of Petitioner's release from custody and removal from the United States, the relief he requests — release from custody — can no longer be effected. Therefore, no "case or controversy" remains and the Petition is moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.); *American Rivers v. National Marine Fisheries Services*, 126 F.3d 1118, 1123 (9th Cir. 1997) (stating that "[a] claim is moot if it has lost its character as a present, live controversy.") (citation omitted); *Xie v. Schiltgen*, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D. Cal., May 24, 2001). *But see Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) (noting that habeas petitioner's release from detention did not render moot his claims for injunctive and declaratory relief. Rather, a controversy existed because petitioner retained a personal stake in determination of claims on behalf of himself and class of aliens detained during immigration proceedings for more than six months without bond hearing, because petitioner's release pursuant to 8 C.F.R. § 241.4 was subject to restrictions and to discretionary revocation without hearing before neutral decision-maker and without burden of justification on government.).

In view of the foregoing,

**IT IS RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus, doc. 1, be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1);

| | |
|---|---|
| 1 | Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen |
| 2 | days within which to file a response to the objections.  Failure timely to file objections to the |
| 3 | Magistrate Judge's Report and Recommendation may result in the acceptance of the Report |
| 4 | and Recommendation by the District Court without further review.  *See United States v.* |
| 5 | *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any |
| 6 | factual determinations of the Magistrate Judge will be considered a waiver of a party's right |
| 7 | to appellate review of the findings of fact in an order or judgment entered pursuant to the |
| 8 | Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure. |

DATED this 8th day of August, 2011.

Lawrence O. Anderson
United States Magistrate Judge